## TWEEDY *vs.* URQUHART.

1. In a deed of marriage settlement occurs this clause, "That should said trust at any time become vacant by death or resignation of said party of the second part, (the trustee,) or any of his successors, the said Isabella M., (the wife) by writing under her hand and seal, may appoint any other person or persons trustee in place of said party of the second part." In another part of said deed there was this clause, that the trust property should be held by the trustee for the sole use of the wife, "separate from and wholly free of the control of her said intended husband, or any future husband, and not liable for any debt or contract of either." The trustee named resigned, and the wife appointed one McBride, who also resigned. The wife then, in writing, under seal, appointed her husband as her trustee in lieu of McBride."
*Held,*

1. That the deed did not exclude the wife from appointing the husband as trustee.

2. That the husband was not excluded by law from receiving the appointment from the wife.

3. That the appointment of the husband in lieu of McBride, instead and in place of Garvin, did not defeat the appointment.

4. That the appointment was good and vested the legal title of the trust property in the trustee so appointed.

Complaint for slaves, in Burke Superior Court. Decision by Judge HOLT, May Term, 1860.

This case was tried in the Court below by a petit jury, and a verdict rendered for the plaintiff for $6,394. The defendant moved the Court for a new trial, which was granted by the Court below.

An ante-nuptial settlement was entered into between Ephraim Tweedy and Isabella M. Hadley in contemplation of a marriage between them. The negroes sued for were described in the settlement, and the title thereto vested in Ignatius P. Garvin as trustee. The terms of the trust are as follows:

"To have and to hold, all and singular the slaves above mentioned, with all future increase of the females, to him, the said party of the second part, and to his successors, as his and their own proper goods—*in trust*—always and for the sole use, benefit and behoof of the said Isabella M. Hadley, separate from, and wholly free of the control of her said in-

tended husband, or any future husband, and not liable for any debt or contract of either, for and during her natural life; and on her death, the trustee, for the time being, is to convey the whole trust estate then in his hands, as said Isabella M. Hadley, by writing, in nature of a will, attested according to law, may appoint; and in default of such will to any children, or issue of any children which she may leave, each child, and the descendants of each deceased child, taking one share; and if she leaves no issue living at the time of her death, then the trustee for the time being, is to convey the whole estate to said Ephraim Tweedy, should he survive her: Provided, always, that the trustee for the time being may, at any time, by deed or bill of sale, in which said Isabella M. voluntarily joins, sell any part or the whole of said trust estate, reinvesting the proceeds on the same uses and trusts as above set forth."

The provision in the settlement for the appointment of a new trustee, was this:

" And provided, also, That should said trust at any time become vacant, by death or resignation of said party of the second part, or any of his successors, the said Isabella M. by writing under her hand and seal, may appoint any other person or persons trustee, in place of said party of the second part; and the person so appointed shall immediately and *ipso facto*, become entitled to all the right and authority hereby conferred on said party of the second part."

Ignatius P. Garvin having resigned the trust, the wife of Tweedy, prior to the commencement of this suit, appointed her husband, the said Ephraim Tweedy, trustee under said settlement. The plaintiff title was derived through said settlement and appointment.

The decision of the Court below, upon the motion for a new trial, is as follows:

" A verdict having been returned in favor of the plaintiff, defendant moves for a new trial on several grounds, only the first and second of which, is it necessary in the opinion of the Court to consider, as upon them the motion should be allowed. The action is for the recovery of the negroes, and to entitle the plaintiff to a recovery, he must show his title. The title shown was the appointment made by his wife under a power contained in the marriage settlement between him and his wife. The whole case turns upon the validity of this ap-

pointment. If valid, the Court has no doubt of the correctness of the verdict; but the Court holds the appointment to be void, as not within the power contained in the settlement, and to be excluded, both by the relation of husband and wife, and by the terms of the settlement. If this position be true, the plaintiff has no title.

" The counsel for the plaintiff contend that he may recover though the appointment be void; that the trust being vacant he would hold as trustee for his wife; but however equity might consider him, he can only recover here upon a legal title. As the Court believes the verdict to be contrary both to law and evidence, it sustains the motion; let the verdict be set aside and a new trial granted, to be tried by a special jury."

To which decision, granting a new trial, the plaintiff by his counsel excepted, and assigns error thereon.

MILLERS & JACKSON, for plaintiff in error.

JOHN T. SHEWMAKE, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The only question in this case is this, whether the appointment of the plaintiff, Ephraim Tweedy, as trustee, by his wife Isabella, the *cestui que trust* is a good appointment, and is sufficient to vest in him the legal title to the trust estate? The Court below on the application for a new trial, held that the appointment was not, and did not clothe him with the legal title to the trust estate, and granted the new trial on that ground. Which decision was excepted to, and the cause comes before us for review on that single ground. It is insisted by counsel for the defendant in error, that the appointment was void, because the husband was excluded by the terms of settlement, and that it is prohibited by law, that is, that as the appointment was the subject of, or matter of contract, and as the husband and wife were one in law, the contract was void, and that the appointment was made in lieu of McBride instead of Garvin, the trustee named in the marriage settlement. In reply to these objections, or rather arguments, for they constitute all that can be said in support of the decision complained of, we say:

Tweedy *vs.* Urquhart.

1. The deed of marriage settlement does not exclude the husband from taking the appointment of trustee ; it is true that there is a clause in the deed, that the property therein secured to the separate use of the wife, shall be " wholly free of the control of her husband, or any future husband, and not liable for any debt or contract of either ;" but this clause was intended to, and did only, exclude the. marital rights of the husband, or that interest in, or title to, the property, which, but for such settlement, would have vested in him by the marriage. Such clauses are to be found in all marriage settlements, or nearly all, and yet how often is such clause to be found in these settlements, when the husband himself is named the trustee therein ?    The clause was not intended to, and does not exclude the husband from such control or interest in the property as the wife may think proper to give him.    She is not excluded from giving him the control, or he from taking it by her consent.    How does his appointment of trustee change the right of the husband in the trust property ?    We cannot see.    It does not give him the control of the property as husband, that is, in his own right, it only enables him to control the property as trustee for the wife, and as her agent, not otherwise.

2. But if the husband is not excluded by the deed from the appointment, does the law exclude him, or in other words, is the appointment by reason of the relation of the parties void ?    Most assuredly not.    In all these cases when the separate property of the wife is not in the name of any trustee, the law deems the husband as the trustee.    *Story Eq.*, 1830.    Then, where the trust is vacant, and the husband in consequence is deemed the trustee, why should the appointment by the wife be bad, when she does that only which the law declares without?    Independently of this, " in equity the wife may bestow her separate property by appointment, or otherwise, upon her husband as well as upon a stranger." *Story Eq.*, 1395.    If she may do this, why may she not appoint him trustee?    That this is so in equity, does not alter the question, for it is but a question of power and of right, and if allowable in equity, and been exercised, the appointment, when made, becomes a legal right, and must be so recognized by the Courts of Law as well as of Equity.

3. That the appointment was made in lieu of McBride instead of Garvin, makes no sort of difference ; the trust was

vacant by the resignation both of Garvin and of McBride, and the deed of settlement provides " that should said trust become vacant at any time by death or resignation of Garvin or any of his successors, the said Isabella M., by writing under her hand and seal, *may appoint any other person* or persons, trustee in place of said party of the second part." The main thing was the right to appoint in case of a vacancy; that was given, and that she has exercised properly; that she stated that the appointment was in lieu of McBride, was immaterial, she need not have stated anything about it; the trustee so appointed takes the place that Garvin held in the deed.

4. So we think the appointment was rightfully exercised, and vested the legal title in the appointee, and that the new trial ought not to have been allowed.

Judgment reversed.